O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DESIREH AVA, | ) | Case No. SA CV 14-1814 JCG |
| Plaintiff, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| v. | ) ) | |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) | |
| Defendant. | ) ) | |

Desireh Ava ("Plaintiff") challenges the Social Security Commissioner ("Commissioner")'s decision denying her application for disability benefits. Two issues are presented for decision here:

1. Whether the Administrative Law Judge ("ALJ") properly determined that Plaintiff could perform alternative work (*see* Joint Stipulation ("Joint Stip.") at 4-10, 17-18); and

2. Whether the ALJ properly evaluated the medical evidence, in particular, the opinion of the physician in Plaintiff's workers' compensation case, precluding Plaintiff from bilateral above-shoulder use (*see id*. at 4, 18-21).

1

The Court addresses Plaintiff's contentions below, and finds that reversal is not warranted.

## A. The ALJ Properly Determined that Plaintiff Could Perform Alternative Work

Preliminarily, Plaintiff contends that the ALJ erred at step five of her evaluation by determining that Plaintiff could perform alternative work as a photocopy machine operator or mail clerk. (*See id.* at 5-10, 17-18.) Plaintiff advances four arguments: (1) the ALJ's residual functional capacity ("RFC") finding improperly failed to incorporate portions of examining physician Dr. John S. Godes's opinion regarding Plaintiff's standing, walking, and reaching limitations; (2) Plaintiff's RFC standing and walking limitation conflicted with the light work description in SSR-83-10; (3) Plaintiff's RFC reaching limitation conflicted with the alternative jobs' requirements; and (4) because the ALJ's RFC finding was improper, the hypotheticals posed by the ALJ to the vocational expert ("VE") were invalid. (*See id.*)

### 1. The ALJ Properly Incorporated Medical Evidence into Plaintiff's RFC

First, Plaintiff argues that the ALJ's RFC finding inadequately accounted for Dr. Godes's medical opinion. (*See id.* at 5-9.)

As a rule, when formulating a claimant's RFC, an ALJ must consider all the relevant evidence in the record, including medical reports and the claimant's and others' descriptions of limitations. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); 20 C.F.R. §§ 404.1545(a), 416.945(a). However, an ALJ need not agree with each aspect of a physician's opinion in order for that opinion to constitute substantial evidence in support of the ALJ's decision. *See Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989).

Here, Dr. Godes opined that Plaintiff (1) could never reach overhead, (2) could only occasionally reach otherwise, (3) could stand or walk for only two hours per

2

eight-hour workday, and (4) could sit for only six hours per eight-hour workday. (*See* Administrative Record ("AR") at 1018.)

The Court finds that the ALJ's RFC finding properly accounted for Dr. Godes's opinion for two reasons.

First, the ALJ incorporated Dr. Godes's opinion precluding Plaintiff from bilateral overhead reaching.[1] (*See* AR at 21); *see also Turner v. Comm'r Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (ALJ need not provide reasons for rejecting a physician's opinions where ALJ incorporated opinions into RFC).

Second, Dr. Godes's opinion regarding Plaintiff's standing and walking restrictions conflicted with the less restrictive limitation assessments of the state agency consultative examiners.[2] (*See* AR at 21, 24-25, 27; *compare id.* at 68, 72, 84 *with id.* at 1018, 1026-28); *see also Kane v. Colvin*, 2015 WL 5317149, at *3 (E.D. Cal. Sept. 10, 2015) (ALJ properly rejected treating physician's opinion regarding claimant's standing and walking limitations in part because opinion was contradicted by state agency physicians' less severe limitation findings); *Nelson v. Astrue*, 2009 WL 1699660, at *3 (N.D. Cal. June 17, 2009) (ALJ properly rejected physician's opinion that was contradicted by other opinions in the medical record, including those of state agency reviewing physicians).

Accordingly, the ALJ properly assessed the medical evidence.

/ / /

/ / /

/ / /

---

[1] In particular, the ALJ gave Dr. Godes's opinion significant weight and determined that Plaintiff could "frequently reach in full extension of arms (can reach to less than full extension without limits)" but "is to do no work overhead bilaterally[.]" (AR at 21, 27.)

[2] For example, one state agency consultative physician concluded that Plaintiff (1) could stand and walk six hours per eight-hour workday, (2) could occasionally lift 20 pounds and frequently lift 10 pounds, (3) had unlimited ability to push and pull, and (4) was capable of performing light work. (*See* AR at 68, 72.)

### 2. No Conflict Exists Between Plaintiff's RFC Standing/Walking Limitation and SSR 83-10's Light Work Description

Next, Plaintiff contends that her RFC standing and walking limitation conflicted with the light work description in SSR 83-10. (*See* Joint Stip. at 9-10.) The Court disagrees for two reasons.

First, SSR 83-10's six-hour standing/walking requirement applies to only a *full* range of light work.[3] Here, the ALJ found that Plaintiff had the RFC to perform *less* than a full range of light work. (AR at 28); *see Jones v. Colvin*, 2014 WL 657914, at *7 (C.D. Cal. Feb. 19, 2014) (standing/walking limitation did not conflict with SSR 83-10 because ALJ determined that Plaintiff could perform a range, not a full range, of light work).

Second, contrary to Plaintiff's assertion, SSR 83-10 recognizes that not *all* light work jobs require standing or walking for six hours.[4] (*See* Joint Stip. at 9-10); *see also Thompson v. Colvin*, 2015 WL 1476001, at *5 (C.D. Cal. Mar. 31, 2015) (finding no inconsistency between claimant's RFC and SSR 83-10 because "the job of mail clerk could be done spending only two hours standing or walking"); *Jones*, 2014 WL 657914, at *7.

Thus, no conflict exists between Plaintiff's RFC and SSR 83-10.

/ / /

/ / /

/ / /

---

[3] SSR 83-10 specifies that light work requires "frequent lifting and carrying of objects weighing up to 10 pounds," and "[s]ince frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the *full range* of light work requires standing or walking, off and on, for a total of approximately 6 hours out of an 8-hour workday." SSR 83-10, 1983 WL 31251, at *5-6 (emphasis added); *see also* 20 C.F.R. §§ 404.1567(b), 416.967(b).

[4] "A job is also in [the light work] category when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls . . ." SSR 83-10, 1983 WL 31251, at *5.

4

### 3. No Conflict Exists Between Plaintiff's RFC Reaching Limitation and the Alternative Jobs' Requirements

Next, Plaintiff contends that her RFC limitation on bilateral reaching conflicts with the alternative jobs' requirements as described by the Dictionary of Occupational Titles ("DOT"). (*See* Joint Stip. at 9-10.) The Court disagrees for two reasons.

First, the DOT is silent on specific *types* of reaching. *See* DOT No. 207.685-014, 1991 WL 671745 (describing photocopy machine operator job); DOT No. 209.687-026, 1991 WL 672755 (describing mail clerk job). Thus, no inherent conflict exists between the frequent reaching requirement described by the DOT and Plaintiff's *bilateral* reaching limitation. *See Gonzales v. Colvin*, 2013 WL 3199656, at *4 (D. Or. June 19, 2013) ("[T]o find a conflict [with reaching limitations], the Court would have to read a requirement into the DOT that is not expressly stated therein[.]"); *Rodriguez v. Astrue*, 2008 WL 2561961, at *2 (C.D. Cal. June 25, 2008) (finding no inherent conflict between DOT frequent reaching requirement and claimant's above-shoulder reaching preclusion).

Second, given the DOT's silence, the VE's testimony regarding the jobs' requirements supplements, rather than contradicts, the DOT job descriptions. (*See* AR at 29, 55-56); *see also Brummett v. Colvin*, 2015 WL 3777372, at *6 (D. Colo. June 16, 2015) (finding that DOT's silence with respect to standing/stretching limitation did not create a conflict with VE's testimony); *Harvey v. Astrue*, 2010 WL 2836817, at *13-14 (N.D. Cal. July 16, 2010) (where DOT does not discuss whether jobs can accommodate limitation, VE's testimony supplements, rather than contradicts, DOT).

Accordingly, no conflict exists between Plaintiff's RFC and the alternative jobs' requirements as described by the DOT.

/ / /

/ / /

/ / /

                    4.      <u>The ALJ Properly Posed Hypotheticals to the VE</u>

Finally, Plaintiff contends that because the ALJ issued an incomplete and improper RFC finding, the hypotheticals that the ALJ posed to the VE are necessarily invalidated. (*See* Joint Stip. at 10.)

However, because the ALJ's RFC finding was proper, as discussed in Section A.1, the ALJ's hypotheticals are not invalidated. *See Richardson v. Comm'r of Soc. Sec.*, 588 F. App'x 531, 533 (9th Cir. 2014) (ALJ properly posed hypothetical to VE because it contained all limitations found credible and supported by medical record).

Thus, for all the above reasons, the ALJ properly determined at step five that Plaintiff could perform alternative work.

        B.      <u>The ALJ Properly Evaluated the Medical Evidence</u>

Next, Plaintiff contends that the ALJ erred by rejecting the medical opinion of the physician in Plaintiff's workers' compensation case, Dr. Neil J. Halbridge. (*See* Joint Stip. at 18-21.)

As a general rule, if an ALJ wishes to disregard the opinion of a treating or examining physician, "he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008).

Here, the ALJ properly rejected Dr. Halbridge's disability opinion for two reasons.[5] (AR at 26, 1056.)

First, the ALJ considered the same objective clinical and diagnostic evidence considered by Dr. Halbridge, and found it consistent with the ALJ's functional limitations finding. (*See* AR at 26-27, 1046, 1052, 1056-57); *see also Tommasetti v.*

---

[5]     Dr. Halbridge concluded that Plaintiff was "temporarily totally disabled" from July 19, 2011 through January 4, 2013, after which Plaintiff was "capable of modified work with work restrictions." (AR at 1056.)

*Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (ALJ may properly reject physician's conclusions that are inconsistent with objective evidence). Dr. Halbridge's conclusion that Plaintiff was precluded from above-shoulder arm use was based on diagnostic studies including, *e.g.*, (1) lumbar and cervical spine MRIs, (2) right and left shoulder MRIs, and (3) an upper extremity electromyogram nerve conductive study. (*See* AR at 21, 23-24, 834-35, 837-38, 846-47, 1052-53.) The ALJ considered this same evidence in detail, and found the test results generally unremarkable. (AR at 23-24.) Moreover, Plaintiff fails to explain how this medical evidence is inconsistent with the ALJ's functional limitations finding. (*See* Joint Stip. at 18-21.)

Second, findings made in a workers' compensation case are not conclusive here. (*See* AR at 26, 1056); *see also Macri v. Chater*, 93 F.3d 540, 543-44 (9th Cir. 1996); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988) ("The categories of work under the Social Security disability scheme are measured quite differently" than those under the workers' compensation disability scheme); *Olivera v. Astrue*, 2010 WL 5582902, at *16 (S.D. Cal. Nov. 22, 2010) ("A finding that Plaintiff was temporarily. . . disabled for workers' compensation purposes[] is not conclusive here.").

Thus, the ALJ properly evaluated the medical evidence presented by Dr. Halbridge.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

7

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

DATED: December 15, 2015

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication.  Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*